UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHANIEL SATTERFIELD, JR., ) | |
| ) | |
| Plaintiff, ) | 22 C 2331 |
| ) | |
| vs. ) | Judge Gary Feinerman |
| ) | |
| HSBC BANK USA, N.A., WILMINGTON SAVINGS ) | |
| FUND SOCIETY FSB, as Trustee of Stanwich Mortgage ) | |
| Loan Trust-A, VICTOR VITA, and CARRINGTON ) | |
| MORTGAGE SERVICES LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Nathaniel Satterfield alleges that Defendants wrongfully obtained possession of his home and evicted him through litigation in Illinois state court. Doc. 1. The court directed Satterfield to show cause why this suit "should not be dismissed under the *Rooker-Feldman* doctrine given that he is complaining of injuries caused by the entry of state court orders." Doc. 8. Satterfield filed a written response. Doc. 9. Having considered the response, the court dismisses this suit for want of subject matter jurisdiction.

"The *Rooker-Feldman* doctrine precludes federal courts from deciding cases 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Hemmer v. Ind. State Bd. of Animal Health*, 532 F.3d 610, 613 (7th Cir. 2008) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Satterfield alleges that Defendants filed meritless eviction litigation against him in the Circuit Court of Cook County, Illinois, ultimately resulting in eviction orders by the court and an eviction aided by the Cook County Sheriff's Office. Doc. 1 at ¶¶ 24-75. Satterfield seeks damages and an

1

injunction preventing further enforcement of the orders. *Id*. at p. 31; Doc. 9 at ¶¶ 20, 37. Because Satterfield's alleged injuries arise from the state court's eviction orders, the *Rooker-Feldman* doctrine applies. *See Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019) (holding that *Rooker-Feldman* applied where "the injury the [plaintiffs] protest— the seizure and subsequent permanent placement of their livestock—was effectuated by several orders of the [state court]"); *Holt v. Lake Cnty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005) ("[A]bsent the state court's judgment evicting him from his property, Mr. Holt would not have the injury he now seeks to redress.").

Satterfield's principal argument against dismissal is that the state court lacked jurisdiction to enter the orders. Doc. 9 at ¶¶ 1, 15-16, 26, 37-42. That argument fails, for even if a state court lacks jurisdiction, its judgment still triggers the *Rooker-Feldman* doctrine. *See Abrahamson v. Ill. Dep't of Fin. & Prof. Reg.*, 594 F. App'x 307, 311 (7th Cir. 2014) ("*Rooker-Feldman* applies where the plaintiff in federal court claims that the state court did not have jurisdiction to render a judgment.") (quoting *Doe v. Mann*, 415 F.3d 1038, 1042 n.6 (9th Cir. 2005)); *Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003) ("[T]he Illinois state courts were competent to determine their own jurisdictional boundaries, so there is no need for the federal courts to intervene."). Indeed, Satterfield's "assertions in his brief … that he was evicted by a court without subject matter jurisdiction … belie [his] contention that he does not seek to overturn the state courts' judgments," thereby confirming that *Rooker-Feldman* applies. *Holt*, 408 F.3d at 336 (internal quotation marks omitted).

Satterfield incorrectly suggests that this court may exercise "'general equity jurisdiction' to enjoin a party from enforcing a void judgment." Doc. 9 at p. 2. *Rooker-Feldman* applies even when the plaintiff argues that the state court judgment is void. *See Weinhaus v. Cohen*, 773

2

F. App'x 314, 317 (7th Cir. 2019) (rejecting the argument that *Rooker-Feldman* does not apply where the plaintiff contends that "the modified [state court] judgment is 'void'"). The case Satterfield cites to support his position, *Wells Fargo & Co. v. Taylor*, 254 U.S. 175 (1920), is inapposite because it concerned the Anti-Injunction Act, now codified at 28 U.S.C. § 2283, not the *Rooker-Feldman* doctrine. *Id*. at 182; *see Zurich Am. Ins. Co. v. Superior Ct.*, 326 F.3d 816, 821 (7th Cir. 2003) (distinguishing *Rooker-Feldman* from the Anti-Injunction Act). In any event, the Supreme Court observed long ago that it is "very doubtful" that *Wells Fargo* remains good law. *Toucey v. N.Y. Life Ins. Co.*, 314 U.S. 118, 136 (1941), *superseded by statute on other grounds*, Act of June 25, 1948, ch. 646, 62 Stat. 968, *as recognized in Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 524 (1986); *see also* 17A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4223 (3d ed. updated 2022) (noting that *Hill v. Martin*, 296 U.S. 393, 403 (1935), abrogated *Wells Fargo*).

To the extent Satterfield suggests that *Rooker-Feldman* does not apply because the state court orders were unappealable, Doc. 9 at ¶ 14, that assertion is contradicted by both the complaint, which alleges that the Appellate Court of Illinois "disposed of" his appeal, Doc. 1 at ¶ 53, and the public record, which shows that he appealed the state trial court's eviction orders and that the state appellate court affirmed one of the orders, *see Beneficial Fin. I, Inc. v. Satterfield*, 2019 IL App (1st) 181855-U (Aug. 30, 2019)). In any event, "nothing in the Supreme Court's decisions suggests that state-court decisions too provisional to deserve review within the state's own system can be reviewed by federal district and appellate courts." *Bauer v. Koester*, 951 F.3d 863, 867 (7th Cir. 2020) (alteration omitted).

Satterfield's allegations that the state courts denied him due process, Doc. 1 at ¶ 48; Doc. 9 at ¶¶ 11-12, 30, 36, 43, do not save the suit from *Rooker-Feldman* dismissal. *See Stuckey*

3

*v. Hous. Auth. of Cook Cnty.*, 795 F. App'x 458, 460 (7th Cir. 2020) (affirming a *Rooker-Feldman* dismissal where the plaintiff "frame[d] his claims as involving 'due process'"); *Holt*, 408 F.3d at 335-36 (affirming the *Rooker-Feldman* dismissal of a case bringing a due process claim). And although the *Rooker-Feldman* doctrine admits an exception for cases "alleg[ing] that a widespread conspiracy undermined the entirety of the state-court proceedings," *Bauer*, 951 F.3d at 866-67; *see also Loubser v. Thacker*, 440 F.3d 439, 441-42 (7th Cir. 2006), Satterfield's complaint alleges, at most, that individual state judges acted improperly and without jurisdiction. Doc. 1 at ¶¶ 45-48, 52. Those allegations fall far short of a plausible "widespread conspiracy."

Finally, Satterfield argues that because he alleges an "independent, standalone" Fair Housing Act ("FHA") claim, his case falls outside the scope of *Rooker-Feldman*. Doc. 9 at p. 2; Doc. 1 at ¶¶ 89-99. That argument fails as well.

"To determine whether the *Rooker-Feldman* doctrine bars jurisdiction … [the court first] consider[s] whether a plaintiff's federal claims are independent or, instead, whether they either directly challenge a state court judgment or are inextricably intertwined with one." *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021)) (internal quotation marks omitted). The FHA prohibits "coerc[ing], intimidat[ing], threaten[ing], or interfer[ing] with any person in the exercise or enjoyment of" certain housing-related civil rights. 42 U.S.C. § 3617. Satterfield's complaint alleges that Defendants violated § 3617 by "intend[ing] to threaten, intimidate, and coerce [him] into either remortgaging his property or leaving it, using the threat of unlawful eviction, *aided by the judicial and civil processes*." Doc. 1 at ¶ 92 (emphasis added); *see also id.* at ¶ 2 ("[D]efendant HSBC Bank USA N.A. … , with the aid of the state court judicial system, has been threatening, intimidating, and coercing the Plaintiff for the last 12 years with

4

unauthorized lawsuits and the threat of eviction, culminating in an actual unlawful eviction … ."). The complaint further alleges that Defendants' violations caused Satterfield to suffer several injuries, including the loss of his house, the failure to maintain the property after the eviction, and the failure to pay property taxes after the eviction. *Id*. at ¶ 10. Those alleged injuries "were complete only when the [state] court ordered the eviction," so the FHA claim is not independent the state court eviction orders and thus falls within the scope of *Rooker-Feldman*. *Lyons v. Gene B. Glick Co.*, 844 F. App'x 866, 868 (7th Cir. 2021) (holding that *Rooker-Feldman* blocked FHA claims for "losses of housing, federal financial rental assistance, credit, and economic stability" caused by a state court eviction order).

Satterfield may have intended to argue that he lacked a "reasonable opportunity" to raise Defendants' alleged FHA violation in state court. *See Andrade*, 9 F.4th at 950 ("At step two, we determine whether the plaintiff had a reasonable opportunity to raise the issue in state court proceedings. Only if the plaintiff did have such an opportunity does *Rooker-Feldman* strip federal courts of jurisdiction.") (internal quotation marks and citation omitted); *Allen v. IRMCO Mgmt. Co.*, 420 F. App'x 597, 599 (7th Cir. 2011) ("[T]here is some question whether a plaintiff like Allen could escape the rule of *Rooker-Feldman* if she lacked a 'reasonable opportunity' to raise her [FHA] discrimination claim as a defense to the eviction … ."). An Illinois statute prohibits parties from raising "matters not germane to the distinctive purpose of the proceeding" in eviction cases. 735 ILCS 5/9-106. But "[t]his statute has been held to allow equitable defenses such as civil rights violations … to be raised" in eviction cases. *Johnson v. Ill. Dep't of Pub. Aid*, 467 F.2d 1269, 1273 (7th Cir. 1972); *see also Fayyumi v. City of Hickory Hills*, 18 F. Supp. 2d 909, 912 (N.D. Ill. 1998) ("[A] defendant in a forcible entry and detainer action [in Illinois court] may rely upon the Fair Housing Act to enjoin a violating landlord's attempt to

evict him."). Thus, Satterfield had a reasonable opportunity to raise Defendants' alleged FHA violations in defending the state court eviction litigation. *See Allen*, 420 F. App'x at 599 (affirming a *Rooker-Feldman* dismissal, citing cases indicating that FHA claims are germane to eviction proceedings); *Bledsoe v. Elgin Artspace Lofts*, 2018 WL 10809367, at *2 (N.D. Ill. Feb. 23, 2018) (holding that a "plaintiff could have raised her [FHA] discrimination claims as 'equitable defenses' in the state-court [eviction] action").

In sum, Satterfield's claims are barred by the *Rooker-Feldman* doctrine, requiring dismissal of his suit for want of subject matter jurisdiction.

June 23, 2022

_____
United States District Judge

6